UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DIANIRA CORREA**<br>　　*Plaintiff*, | :<br>:<br>: |
| v. | : Civil Action No.: 4:25-CV-2848 |
| **SUNRUN INC.**<br>　　*Defendant*. | :<br>:<br>:<br>: |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant Sunrun Inc. ("Sunrun") by and through undersigned counsel, hereby remove and give notice of such removal of this action to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

### I.    REMOVAL JURISDICTION

1.    This action may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1332 because complete diversity exists among the parties and the alleged amount in controversy exceeds $75,000.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

### II.    INTRODUCTION AND FACTUAL BACKGROUND

3.    On May 6, 2025, Plaintiff Dianira Correa ("Plaintiff"), commenced an action in the 240th Judicial District Court of Fort Bend County, Texas, entitled *Dianira Correa v. Sunrun, Inc.*, Cause No. 25-DCV-329333. *See* Petition.[1]

---

[1] A copy of the Petition is attached hereto as **Exhibit A**.

4.     The petition alleges that Plaintiff purchased the real property situated at municipal address 2703 Edgewick Elm Street, Fresno, Texas 77545, more fully described as Lot 71, in Block 5 of Winfield Lakes, Section 6, a subdivision in Fort Bend County, Texas ("Property") from Tristan Washington on September 6, 2024. Petition at ¶¶ 4.0, 4.1.

5.     The Petition further alleges that Tristan Washington purchased the Property from Cynthia Terry Yeldell. Petition at ¶ 4.1.

6.     Upon information and belief, the Fort Bend County Tax Assessor valued the Property at $325,252.00 in 2024.

7.     On or about December 28, 2021, Cynthia Terry Yeldell entered into that certain Sunrun BrightSave Power Purchase Agreement ("PPA") for the sale and purchase of all electric energy generated by a solar photovoltaic system ("Solar System"). *See* Declaration of Tyler Anderson attached as **Exhibit E** at Exhibit 1 (Sunrun BrightSave Agreement with Cynthia Terry Yeldell). The PPA has a twenty-five (25) year term, *Id.*, and an estimated value of $49,520.00. **Exhibit E** at Exhibit 1 (Sunrun BrightSave Agreement with Cynthia Terry Yeldell, Ex. A, p.22). The PPA further provides that "the Solar System is removable equipment owned by Sunrun or its affiliates and is not considered a fixture or otherwise part of the home." *Id.* at Exhibit 1 (Sunrun BrightSave Agreement with Cynthia Terry Yeldell, p.11, (G)(3)).

8.     The Petition alleges that Plaintiff was unable to sell the Property because a UCC financing statement relating to the Solar System was filed in the official records of Fort Bend, Texas, after Plaintiff Purchased the Property. *See generally* Petition. Plaintiff further alleges that Defendant had an invalid lien on the Property, and that Plaintiff was damaged when the Defendant failed to release the lien after being requested to release the same. *Id.* Plaintiff seeks both monetary

relief in the amount of $250,000.00 or less, Petition at ¶ 3.3, and nonmonetary relief through purported Quiet Title and Declaratory Actions, Petition at ¶¶ 5.0, 5.1.

### III.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

9. The 240th Judicial District Court of Fort Bend County, Texas is located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, *see* 28 U.S.C. § 101, and venue for this action is properly in this Court because the federal court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, attached hereto is the following:

1. **Exhibit A** – Plaintiff's Petition, including all executed process in the case;

2. **Exhibit B** – Defendant's Answer which, together with Exhibit A, constitute all Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

3. All orders signed by the state judge - None;

4. **Exhibit C -** The docket sheet;

5. **Exhibit D -** An index of matters being filed;

6. A list of all counsel of record, including addresses, telephone numbers and parties represented:

| | |
|---|---|
| Sergio Perez | Christopher Ege |
| Chavana Law, PLLC | Gordon Rees Scully Mansukhani, LLP |
| 2702 Little York Road | 2705 Bee Caves Road, Suite 220 |
| Houston, Texas 77093 | Austin, Texas 78746 |
| (713) 979-2941 | (512) 391-0917 |
| **Counsel for Plaintiff** | **Counsel for Defendants** |

11. Plaintiff resides in Harris County, Texas, *See* Petition at ¶ 2.0, and the subject solar panel system is located at that certain property located at municipal address 2703 Edgewick Elm Street, Fresno, Texas 77545, more fully described as Lot 71, in Block 5 of Winfield Lakes, Section 6, a subdivision in Fort Bend County, Texas. *See* Petition at ¶ 4.0**.**

12. Sunrun Inc. is a foreign corporation formed under the laws of Delaware. *See* Corporate Disclosure Statement attached hereto as **Exhibit F;** *see also* Exhibit E at ¶¶ 4-5.

13. Plaintiff served Sunrun on May 20, 2025.  The Petition was filed May 6, 2025. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the 240th Judicial District Court of Fort Bend County, Texas.

15. Pursuant to Local Rule 81.1(a), Defendant will ensure that the state court record is filed with the Court.

16. Defendant reserves the right to amend or supplement this Notice of Removal. Additionally, if any question arises as to the propriety of the removal, Defendant requests the opportunity to present a brief and request oral argument.

### IV.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332(A)

17. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between Plaintiff and the Defendant, and the amount in controversy exceeds "the sum or value" of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441(a) & (b)(2); *see also* Petition at ¶ 6, Tx. R. Civ. P. Rule 47(c)(2).

#### A.    The Amount in Controversy Requirement is Satisfied.

18. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action

and it is therefore removable to this Court pursuant to the provisions of 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Plaintiff and the Defendants.

19. Here, Plaintiff alleges that they are entitled to monetary damages, Petition at ¶¶ 3.3, 5.2, and nonmonetary relief related to: (i) ownership of the Property; and (ii) the allegedly invalidly filed UCC financing statement. Petition at ¶¶ 5.0, 5.1. Thus, for purposes of this Notice of Removal, the amount in controversy includes the value of Plaintiff's nonmonetary claims *and* Plaintiff's claim for monetary damages of $250,000.00 or less.

20. Plaintiff alleges that they seek monetary relief of $250,000.00 or less, Petition at ¶ 3.3. Therefore, on the face of the Petition, the Plaintiff seeks up to $250,000 in monetary relief, which places the amount in controversy in excess of $75,000.00 (28 U.S.C. § 1446(c)(2); see *Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 245 (W.D. Tex. 2021) (notice of removal requires only a plausible allegation that the amount in controversy exceeds $75,000).

21. Plaintiff's allegations that their damages are $250,000.00 or less, puts the amount in controversy over the $75,000 jurisdictional threshold. *See* Petition at ¶ 3.3; *see also Sharp v. AFC Worldwide Express*, Case no. 09-cv-1722-F, 2009 WL 10704300, at *2 (N.D.Tex Nov. 5, 2009) ("For purposes of determining the amount in controversy requirement, the Supreme Court has explained: 'Unless the law gives a different rule, **the sum claimed by the plaintiff controls if the claim is apparently made in good faith.**'" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("**We ordinarily consult the state court petition to determine the amount in controversy**. . . . This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth

summary judgment type evidence of facts in controversy that support a finding of the requisite amount." (citations omitted; internal quotation marks omitted; emphasis added)). Because Plaintiff has alleged that they are seeking damages in the amount of $250,000.00 or less, Petition at ¶ 3.3, it is apparent from the face of the Petition that Plaintiff's monetary claims are likely to exceed $75,000, if proven.

22.     Through the filing of their Original Petition asserting a Quiet Title action, Plaintiff has called ownership of the Property into question. Petition at ¶ 5.0. "[W]hen 'a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Harris v. BSI Fin. Servs.*, No. 4:23-CV-01414, 2023 WL 9005671, at *2 (S.D. Tex. Nov. 27, 2023), report and recommendation adopted, No. 4:23-CV-01414, 2023 WL 9007255 (S.D. Tex. Dec. 27, 2023), appeal dismissed sub nom. *Harris v. BSI Fin. Servs., Inc.*, No. 24-20017, 2024 WL 3360395 (5th Cir. Apr. 26, 2024)(quoting *Perez v. Wells Fargo USA Holdings, Inc.*, No. 7:19-CV-317, 2019 WL 6687704, at *4 (S.D. Tex. Dec. 6, 2019) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). The Fort Bend County Assessor assessed the Property's value at $325,252.00 in 2024, according to public records, thus, the amount in controversy relative to Plaintiff's quiet title claim exceeds $75,000.00 as the Plaintiff claims they are unable to sell the property.

23.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (holding that the "object" was the right of apple growers to operate free of a challenged statute and the value of that right measured as the losses that they would sustain if the statute was enforced). Accordingly, the "amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d

727, 729 (5th Cir. 1983)). Plaintiff is seeking a judgment declaring that the UCC financing statement relating to the Solar System is invalid, Petition at ¶ 5.1, which brings the value of the solar panel system and PPA giving Sunrun rights to the Solar System into question. The 25-year term PPA is valued at $49,520.00. Thus, the amount in controversy for Plaintiff's declaratory judgment claim is *at a minimum* $49,520.00, irrespective of Plaintiff's additional claims (such as the claim regarding her inability to sell the property, which elevates the value of this case significantly beyond $75,000.00).

24.   Plaintiff has also claimed monetary damages arising from a purported slander of title, which Plaintiff has alleged to be valued at $250,000.00 or less. Petition at ¶ 3.3. When considered in the context of Plaintiff's nonmonetary relief claims, the amount in controversy in this matter clearly exceeds $75,000.00. Thus, Sunrun has established that the amount in controversy in the present matter exceeds $75,000.00.

25.   Combined, the amount in controversy for Plaintiff's nonmonetary relief claims clearly exceeds $75,000.00.

26.   On the face of the Petition, it is clear that Plaintiff seeks monetary and nonmonetary damages in excess of $75,000, exclusive of interest and costs, therefore the amount in controversy exceeds $75,000.

   B.   **There is Complete Diversity of Citizenship Between Plaintiffs and Defendants.**

27.   Plaintiff filed their case in the 240th Judicial District Court of Fort Bend County, Texas, and they are a resident of Harris County, Texas. Petition at ¶ 2.0.

28.   "For diversity jurisdiction to be proper, the court must be certain that all plaintiffs have a different citizenship from all defendants. . . . For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its

principal place of business." *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citations omitted; internal quotation marks omitted); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

29. Sunrun Inc. is incorporated outside the state of Texas. Sunrun Inc. is incorporated in Delaware. *See* Exhibit E at ¶ 5.

30. Sunrun Inc. has a principal place of business outside the state of Texas. Sunrun Inc.'s principal place of business is in California. *See* Exhibit F at ¶ 4.

31. Accordingly, there is complete diversity of citizenship between Plaintiffs and the Defendant – and thus, removal is proper. 28 U.S.C. §§ 1332(a), 1441(a).

32. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action and it is therefore removable to this Court pursuant to the provisions of 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Plaintiff and the Defendant.

33. Because all of the requirements of 28 U.S.C. § 1332 have been satisfied, Defendant's removal of this action to this Court is proper.

## V. CONCLUSION

Removal is proper as there is diversity between the Plaintiff and the Defendant and the amount in controversy requirement is satisfied. As such, Sunrun respectfully requests that this action be removed to this Court, that this Court accept jurisdiction over this action, and that this action be entered on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _/s/ Christopher C. Ege_
CHRISTOPHER C. EGE
State Bar No. 24029532
cege@grsm.com
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
Telephone: (512) 391-0197
Facsimile: (512) 391-0183

**COUNSEL FOR DEFENDANT SUNRUN INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on a true and correct copy of the foregoing has been sent electronically to the below-listed parties and counsel of record via the electronic service on the 18th day of June, 2025, in compliance with Fed. R. Civ. P 5.

Sergio Perez
Chavana Law, PLLC
2702 Little York Road
Houston, Texas 77093
sergio@chavana.lawyer
**Counsel for Plaintiffs**

                                      */s/ Christopher C. Ege*
                                        Christopher C. Ege