EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 31461164**
**Date Processed: 05/20/2025**

| | |
|---|---|
| **Primary Contact:** | Tessa Manzanarez<br>Sunrun Inc.<br>600 California St<br>Ste 1800<br>San Francisco, CA 94108-2704 |
| **Electronic copy provided to:** | Corp Legal<br>Ahmed Al-Barkawi<br>Kelley Molton<br>Pam Buckley<br>Anjali Patel<br>Haley Hodgkins<br>Jennifer Wilson<br>Jay Maloney |
| **Entity:** | Sunrun Inc.<br>Entity ID Number  3933196 |
| **Entity Served:** | Sunrun, Inc. |
| **Title of Action:** | Dianira Correa vs. Sunrun, Inc. |
| **Matter Name/ID:** | Dianira Correa vs. Sunrun, Inc. (17348423) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Property |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 25-DCV-329333 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/20/2025 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Chavana Law, PLLC<br>713-979-2941 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SERVICE FEE NOT COLLECTED BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO: SUNRUN, INC.
REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701-3136

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **May 06, 2025**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **25-DCV-329333** and is styled:

**DIANIRA CORREA VS. SUNRUN, INC.**

The name and address of the attorney for **PLAINTIFF(S)** is:

**SERGIO PEREZ
CHAVANA LAW PLLC
2702 LITTLE YORK RD.
HOUSTON TX 77093
713-979-2941**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 12th day of May, 2025.**

BEVERLEY MCGREW WALKER, DISTRICT CLERK
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: /s/ Carlene Blum
**Deputy District Clerk** CARLENE BLUM
**Telephone:** (281) 341-4515

| | |
|---|---|
| 25-DCV-329333<br>Dianira Correa vs. Sunrun, Inc. | 240th Judicial District Court |

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M. Executed at _____, within the County of _____ _____, at ____o'clock ___M. on the _____ day of _____, 20__, by delivering to the within named _____ _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with TRCP Rule 107(e): The officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, I am at least 18 years old, and my address is
          (First, Middle, Last)

_____, _____, _____, _____, and _____. I declare
       (Street)                (City)        (State)  (Zip Code)         (Country)

under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of _____,

on the _____ day of _____, _____.
                      (Month)      (Year)

_____
Declarant / Authorized Person

_____."
(ID # and Expiration of Certification)

**ORIGINAL**

Citation issued to Sunrun, Inc. on 5/12/2025.

Cause Number: 25-DCV-329333

| | | |
|---|---|---|
| **DIANIRA CORREA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **SUNRUN, INC.** | § | **_____TH JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

To The Honorable Judge of Said Court:

COMES NOW Dianira Correa ("Dianira" or "Plaintiff"), complaining of Sunrun, Inc.("Sunrun" or "Defendant") and would show the Court the following.

### I. DISCOVERY CONTROL PLAN

1.0 A Level 1 discovery plan appropriate. However, Plaintiff(s) reserve(s) the right to request entry of an order establishing a Level 3 discovery plan.

### II. PARTIES

2.0 Plaintiff resides in Harris County, Texas.

2.1 Sunrun, Inc. is a foreign corporation, and it may be served through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620 Austin, TX 78701-3136 USA.

### III. JURISDICTION AND VENUE

3.0 This Court has jurisdiction over the subject matter of this case because the events and omissions giving rise to this case occurred in Texas and because of this Court's general jurisdiction.

3.1 This Court has jurisdiction over Defendant because Defendant has filed a UCC lien in Texas (which is void or voidable against Plaintiff) and maintains such minimum contacts that exercising jurisdiction would not offend the traditional notions of fair play and substantial justice. Alternatively, Defendant is sued in rem.

3.2 Venue for this case is proper in Fort Bend County, Texas pursuant to Tex. Civ. P. and Rem. Code § Sec. 15.002(a)(1) and Tex. Civ. P. and Rem. Code § 15.011.

3.3 Plaintiff seeks: only monetary relief of $250,000.00 or less; and demands for judgment for all the other relief to which the party deems himself entitled.

3.4 The "most recent address on file with the secretary of state" and "home office" and "principal office" for Sunrun, Inc. is 225 Bush St., Ste. 1400 San Francisco, CA 94104 USA

## IV. FACTS

4.0 The "Property" at issue in this case is Lot 71, In Block 5 of Winfield Lakes, Section 6, a subdivision in Fort Bend County, Texas, according to the plat recorded under Plat File No. 20050039 of the Official Records of Fort Bend County, Texas.

4.1 Plaintiff purchased the Property from Tristan Washington (a non-party) by way of a Warranty Deed, in a transaction that was insured by a title insurer on September 6, 2024. The deed was recorded on September 12, 2024. On information and belief, Tristan had previously purchased the Property from Cynthia Terry Yeldell (also a non-party). Plaintiff had no notice of any lien that affected or was to affect the Property, and she purchased the Property in good faith. Plaintiff paid good and valuable consideration in the form of money for the Property.

4.2 Plaintiff expended money to renovate the home and attempted to sell the Property, when she was informed by the title company that a UCC lien for solar panels affected the property. The lien was filed around three weeks after Plaintiff purchased the property on September 30, 2024.

4.3 Plaintiff sent an email and certified letter to Defendant on April 22, 2025, explaining that Plaintiff was a bona fide or innocent purchaser for value, and demanding a release. In that letter Plaintiff explained that "she is losing money every day that the sale is postponed due to [Defendant's] offending and void (or voidable) lien." The letter also explained that if Plaintiff was required to file suit, Plaintiff would request attorney fees. However, to date, Defendant has not responded.

## V. CAUSES OF ACTION

Plaintiff incorporates all factual allegations in this pleading into the following paragraphs.

5.0 Quiet Title
In Texas, the elements of the cause of action to quiet title are "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." This case is not a dispute over title, but rather Plaintiff's effort to remove from the records a lien that is void ab initio or voidable. A suit merely seeking cancellation of a lien is not a trespass to try title case because it does not immediately determine title or possession. *See Wilhoite v Sims*, 401 SW 3rd 752, 760 (Tex. App. -Dallas 2013, no pet.); Tompkins v. Holman, 537 SW 2nd 98, 99 (Tex. Civ. App.-Austin, 1976, writ refused). A suit for a non possessory interest need not be brought as a trespass to try title suit. *Shelton v. Kalbow*, 489 SW 3d. 32, 55-57 (Tex. App.-Houston [14th Dist.] 2016 pet. denied). A quiet title action allows a person of the feeblest equity to remove from her way to title any

unlawful hindrance having the appearance of a better right. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The Court stated, "[a] suit for cancellation of a deed is an assertion of an equitable right, namely, the right to have a voidable deed cancelled. It is not a claim of right to title and possession of real property.

5.1 Declaratory Action
Plaintiff seeks a declaration that the UCC Financing Statement filed in the official records of Fort Bend County, Texas, bearing file number 2024094976 is void and that Plaintiff is a bona fide purchaser for value. "In order to qualify as a good faith purchaser, [a party]...must demonstrate that (1) the purchase was made in good faith, (2) for valuable consideration, and (3) made without actual or constructive knowledge of any outstanding claims of any third party." *Richards v. Suckle*, 871 S.W.2d 239, 242 (Tex. App.—Houston [14th Dist.] 1994, no writ)(citations omitted). When a person is a bona fide purchaser for value, she may file suit to clear her title of any offending claims. *City of Richland Hills v. Bertelsen*, 724 S.W.2d 428, 432 (Tex. App.—Fort Worth 1987, no writ).

5.2 Slander of Title
Plaintiff warned Defendant that she was unable to sell the Property due to its invalid lien. Notwithstanding, Defendant failed to release the lien. Plaintiff has incurred money damages as a result of being unable to sell the property.

## VI. OTHER ITEMS

6.0 Plaintiff gives notice that any and all documents produced during discovery may be used at any pre-trial proceeding or trial of this matter without necessity of authenticating the documents. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

6.1 All conditions precedent to Plaintiff's recovery have been satisfied.

6.2 All contradictory facts or law should be construed as alternative pleadings, and not as a judicial admission.

6.3 A jury trial is demanded.

6.4 To the extent any opposing party claims limitations, Plaintiff claims the counterdefense of discovery rule, fraudulent concealment and string along fraud.

## VII. PRAYER

7.0 Wherefore, Plaintiff prays and demands that the Court require and award the following:
A.   that Defendant be cited and required to appear in this Court;
B.   a quiet title and declaratory judgment consistent with this pleading;
C.   general damages;
D.   pre and post judgment interest, attorney fees and court costs.

Respectfully Submitted,

Chavana Law, PLLC:

*/s/ Sergio Perez*
Sergio Perez
sergio@chavana.lawyer
State of Texas Bar Number 24126153

2702 Little York Rd
Houston, TX 77093
Phone 713-979-2941
Fax 281-783-2773

Phillip Jones
650 Westcross #24
Houston TX 77018




Sunrun Inc.
Registered Agent Corporation Service Company
D/B/A CSC-Lawyers Incorporating Service Company
211 E. 7th Street Suite 620
Austin TX 78701-3136