Case 4:25-cv-02848   Document 1-3   Filed on 06/18/25 in TXSD   Page 1 of 6

Filed
6/16/2025 1:37 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sarah Self

**EXHIBIT B**

CAUSE NO. 25-DCV-329333

| | | |
|---|---|---|
| **DIANIRA CORREA** | § | IN THE DISTRICT COURT |
| | § | |
| **V.** | § | FORT BEND COUNTY, TEXAS |
| | § | |
| **SUNRUN, INC.** | § | 240TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT SUNRUN, INC.

NOW COMES Defendant, SUNRUN, INC. ("Sunrun"), who files this Original Answer to the Original Petition of Dianira Correa. In support of its answer, Sunrun respectfully shows the Court as follows:

### 1. GENERAL DENIAL

1.1   Defendant Sunrun submits the following General Denial under Texas Rule of Civil Procedure 92. Defendant generally denies each and every allegation made against it in the Original Petition of Plaintiff Dianira Correa and demands strict proof thereof, and reserves Defendant's right to assert any additional defenses or claims which may be applicable.

### 2. RESERVATION OF ARBITRATION RIGHT

2.1   Defendant reserves its right to demand arbitration.

### 3. NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.07

3.1   Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Sunrun serves notice on Plaintiff that Sunrun intends to use Plaintiff's discovery responses during any and all proceedings and in the trial of this suit.

### 4. AFFIRMATIVE DEFENSES

4.1   Subject to and without waiving the foregoing, Sunrun asserts, pursuant to Rule 94 of the Texas Rules of Civil Procedure, the following affirmative defenses which, singly or in

1

combination, bar Plaintiff's right to recover, in whole or in part, the damages alleged in Plaintiff's Original Petition.

4.2     **Demand for Arbitration.** Defendant pleads further and/or in the alternative, that this dispute is subject to an arbitration agreement existing between the parties, which is fully applicable to each of the Plaintiff's claims, and therefore the Defendant demands that all claims be litigated in arbitration, as agreed to by the parties.

4.3     **Statute of Limitations/Latches.** Defendant pleads further and/or in the alternative, that some or all of Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

4.4     **Estoppel/Waiver.** Defendant pleads further and/or in the alternative, that Plaintiff is estopped from asserting any claim for the recovery sought herein against the Defendant by and through the Plaintiff's conduct or failure to act and/or the Plaintiff has waived any claims against the Defendant so as to bar in whole or in part recovery herein.

4.5     **Sole Negligence.** Defendant pleads further and/or in the alternative, that Defendant is not liable to Plaintiff because Plaintiff's own acts or omissions proximately caused or contributed to Plaintiff's injury.

4.6     **Intervening/Superseding Cause.** Defendant pleads further and/or in the alternative, that Plaintiff's claims are barred, in whole or in part, to the extent the injury or damage sustained by Plaintiff, if any, was due to, caused by, and/or was the direct and proximate result of the intervening/superseding negligence of third parties over whom Defendant had no control.

4.7     **Comparative Negligence.** Defendant pleads further and/or in the alternative, that Plaintiff's alleged damages were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or conduct of others, and therefore Defendant states that its legal

liability, if any, is governed by the TEXAS CIVIL PRACTICE & REMEDIES CODE, § 33.001, et al., including, but not limited to, presentation of the case to the trier of fact in accordance with § 33.003 therein. Defendant is allowed to have its proportionate responsibility (if any), as well as the proportionate responsibility of any party, settling party, or responsible third party, determined by the jury. Finally, Defendant reserves its right to make an election of credit for settlement before the issues are submitted to the trier of fact.

4.8     **No Proximate Cause.** Defendant pleads further and/or in the alternative, that the occurrence in question, as well as the damages complained of herein, were proximately caused or a producing cause, in whole or in part, by the actions, omissions, fault, negligence, responsibility or other conduct on the part of persons, and/or responsible third-parties over whom Defendant is not legally responsible under law and over whom Defendant has no right of control.

4.9     **No Causation.** Defendant pleads further and/or in the alternative, that the causal connection between Defendant's alleged acts or omissions and the occurrence made the basis of this lawsuit resulted from a separate and independent agency, not reasonably foreseeable, which constitutes the immediate cause of the occurrence made basis of this lawsuit.

4.10    **Failure to Mitigate Damages.** Defendant pleads further and/or in the alternative, that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages in failing to act as a reasonable and prudent person in reducing the alleged damages.

4.11    **Interest.** Defendant pleads further and/or in the alternative, that Plaintiff's claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in the TEXAS FINANCE CODE § 304.

4.12    **Unclean Hands**. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4.13    **Failure to State a Claim.** Plaintiff's Original Petition fails to state a claim against Defendant for which relief can be granted.

4.14    At all times, Sunrun has held title to the solar facility installed at the subject property, which is not a component part of the subject property.

4.15    **Reservation of Right to Amend.** Defendant pleads further and/or in the alternative, that Defendant respectfully reserves the rights at this time to amend this Original Answer to the Plaintiffs' allegations after said Defendant has had the opportunity to more closely investigate these claims, as is the right and privilege of said Defendant under the TEXAS RULES OF CIVIL PROCEDURE and the laws of the State of Texas.

## 5.    PRAYER FOR RELIEF

FOR THESE REASONS, Defendant Sunrun, Inc. respectfully prays that the Court compel Plaintiffs to proceed with Plaintiffs' claims, if at all, in arbitration and dismiss or alternatively abate the above-entitled and numbered case pending completion of the arbitration. Defendant requests that upon final hearing Plaintiff take nothing by way of the claims asserted in the Petition, and that Defendant be awarded its costs and such other and further relief, both at law and in equity, as to which it may show itself to be justly entitled.

DATED: June 16, 2025.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Christopher C. Ege*
CHRISTOPHER C. EGE
State Bar No. 24029532
cege@grsm.com
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
Telephone: (512) 391-0197
Facsimile: (512) 391-0183

**ATTORNEYS FOR DEFENDANT SUNRUN, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant Sunrun, Inc.'s Original Answer was served pursuant to TEXAS RULES OF CIVIL PROCEDURE 21 and 21a on all counsel of record on June 16, 2025, via the Court's electronic service system.

*/s/ Christopher Ege*
Christopher Ege

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paige Wenner on behalf of Christopher Ege
Bar No. 24029532
pwenner@grsm.com
Envelope ID: 102054588
Filing Code Description: Answer/Response
Filing Description: Original Answer of Defendant Sunrun, Inc
Status as of 6/16/2025 4:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Sergio Perez | | sergio@chavana.lawyer | 6/16/2025 1:37:06 PM | SENT |
| Paige Wenner | | pwenner@grsm.com | 6/16/2025 1:37:06 PM | SENT |
| Cynthia Givens | | cgivens@grsm.com | 6/16/2025 1:37:06 PM | SENT |
| Marisol Mendiola | | mmendiola@grsm.com | 6/16/2025 1:37:06 PM | SENT |
| Dennis Kisyk | | dkisyk@grsm.com | 6/16/2025 1:37:06 PM | SENT |
| Christopher Ege | | cege@grsm.com | 6/16/2025 1:37:06 PM | SENT |